KEVIN PAUL HILL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hill v. Commissioner
Docket No. 22516-93
United States Tax Court
T.C. Memo 1995-301; 1995 Tax Ct. Memo LEXIS 302; 70 T.C.M. (CCH) 13; July 11, 1995, Filed *302 Decision will be entered for respondent. Kevin Paul Hill, pro se. For respondent: Timothy M. Cotter. PAJAK
PAJAK
MEMORANDUM OPINION PAJAK, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioner's 1991 Federal income tax in the amount of $ 2,441 and an addition to tax under section 6651(a)(1) in the amount of $ 610. The Court must decide: (1) Whether petitioner is exempt from Federal income taxation because he is a member of the Six Nations Iroquois Confederacy; and (2) whether petitioner is liable for the addition to tax under section 6651(a)(1). For clarity and simplicity, we have combined the findings of fact and conclusions of law. Some of the facts in this case have been stipulated and are so found. Petitioner resided in West Webster, New York, at the time he filed his petition. In 1991, petitioner Kevin Paul Hill (petitioner) was a citizen of the Six Nations Iroquois Confederacy, Lower Mohawk, band *303 number 1566, Bear Clan. During the same year, petitioner was employed by Wegmans Food Markets, Inc. (Wegmans), and received wages in the amount of $ 21,814.93. Petitioner did not file a 1991 Federal income tax return. He instructed Wegmans not to withhold any taxes from his wages during 1991. He presented to Wegmans a document which he alleged was the basis for tax exemptions for members of the Six Nations Iroquois Confederacy. In 1991, Wegmans did not withhold any amount of Federal income tax from petitioner's wages. Wegmans did issue to petitioner a Form W-2 Wage and Tax Statement 1991, showing wages of $ 21,814.93. Petitioner alleged that he was exempt from all taxation by the United States Government under the various treaties between the United States and the Six Nations Iroquois Confederacy. Sections 1 and 61(a) subject the taxable income of "every individual" to tax and include income "from whatever source derived" that is not specifically excluded elsewhere. The Supreme Court has held that "Indians are citizens and that in ordinary affairs of life, not governed by treaties or remedial legislation, they are subject to the payment of income taxes as are other citizens." . *304 An exemption from Federal income taxation must be based upon express language in some statute or treaty. ; . Although petitioner submitted numerous quotations from treaties, statutes, and the United States Constitution, he failed to produce any explicit language that exempted a member of the Six Nations Iroquois Confederacy from Federal income taxation. On this record, the Court concludes that no such language exists. ; . Accordingly, petitioner is not exempt from Federal income taxation. He is liable to pay his taxes. Respondent's determination that petitioner is liable for the addition to tax under section 6651(a)(1) must be sustained unless petitioner's failure to file a timely return for 1991 was due to reasonable cause and not willful neglect. The taxpayer must show both reasonable cause and a lack of willful neglect. . *305 Petitioner alleged that he believed he did not have to pay taxes or file returns and that he made no effort to conceal his wage income. We find petitioner's testimony unpersuasive. Even if we assume, arguendo, that those were in fact his beliefs, those beliefs would not constitute reasonable cause. , affd. without published opinion . Petitioner presented no credible evidence that would have indicated that his failure to file a return for 1991 was due to reasonable cause and not willful neglect. Sec. 6651(a)(1); Rule 142(a). We therefore hold that petitioner is liable for the addition to tax under section 6651(a)(1) for 1991. Decision will be entered for respondent.